**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **Walter L. Sprinkle and** | ) | |
| **Rebecca F. Sprinkle** | ) | **Case 7-04-01592-WSA** |
| | ) | |
| **Debtors.** | ) | **Chapter 12** |
| | ) | |

MEMORANDUM DECISION

The matter currently before the court is the Amended Petition for Approval of an Administrative Expense Pursuant to 11 U.S.C. § 503 (the "Application"), filed June 24, 2005 seeking reimbursement for expenses in the amount of $19,255.39 incurred by Kendall Clay and Michael Cleary (collectively, "Litigation Counsel") as litigation counsel for the Debtors in litigation concluding during the pendency of the Debtors' bankruptcy case. A hearing was held on the matter July 20, 2005 at which time the Court granted the Application as to expenses incurred after the filing of the petition and took the Application under advisement as to the remainder of the expenses, which were incurred pre-petition.

FINDINGS OF FACT

The male Debtor in this case filed a Motion for Judgment in Smyth County, Virginia, April 1, 1999 alleging breach of implied warranty of fitness for the ordinary purpose, breach of warranty of fitness for the particular purpose of the plaintiff, breach of warranty of merchantibility and negligence, all relating to the transmission of electric power to Mr. Sprinkle's dairy farm. The Debtors filed their Chapter 11 petition April 9, 2004, and Litigation Counsel were approved as counsel on a contingency fee basis for the Debtors in the Smyth County litigation by Order of October 19, 2004, which permitted counsel to apply to the Court

for compensation and expenses at such later date as would be appropriate. The state court trial was held in February of 2005 in Smyth County, with an outcome adverse to the Debtors. The Debtors chose not to pursue an appeal and the counsel representing the Debtors in the state court action filed their first application for administrative expense April 29, 2005. A hearing was held on that application and the matter continued after the Court raised concerns about the application. The above-noted Application was filed June 24, 2005 and was served upon all creditors and other parties in interest, none of whom filed any objection and appeared at the hearing. Counsel for the Debtors appeared at the hearing and advised the Court they did not oppose the request. The Debtors' case was converted to Chapter 12 upon the Debtors' motion on April 1, 2005.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. A Petition for Approval of an Administrative Expense is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(A).

Pursuant to 11. U.S.C. § 503(b)(3)(D), a creditor of the Debtors can pursue a claim for an administrative expense if that creditor can show that the expenses sought to be reimbursed were incurred in making a substantial contribution in a case under chapter 9 or 11. For attorneys and accountants employed by a debtor, § 503(b)(4) also applies, which adds an additional requirement that the expenses be actual and necessary. The Court does not take issue with the requirement that the expenses be incurred in making a substantial contribution as it finds that Litigation Counsel were employed by Order of the Court and due to the unpredictable

nature of litigation, the fact that the litigation did not produce a benefit to the estate cannot be held against counsel. The question concerning the Court is whether or not expenses incurred prior to the filing of the Chapter 11 petition may be reimbursed by the estate as an administrative expense. The Fourth Circuit has not ruled on this issue so far as the Court is able to determine, but the Third Circuit has held that § 503(b)(3)(D) was not intended to impose across-the-board bar to the reimbursement of expenses incurred before the filing of the petition. *Lebron v. Mechem Financial Inc.*, 27 F.3d 937, 945 (3d Cir. 1994)(citing *In re Lister*, 846 F.2d 55 (10th Cir. 1988), which held that "administrative expenses incurred prior to the filing of a [chapter 11] bankruptcy petition are compensable under 11 U.S.C. § 503(b)(3)(D), if those expenses are incurred in efforts which were intended to benefit, and which did directly benefit, the bankruptcy estate"). Seeing no controlling authority to the contrary, the Court will by separate order award Litigation Counsel the full amount requested in the Application.[1]

This 22nd day of July, 2005.

_____
UNITED STATES BANKRUPTCY JUDGE

---

[1] The court in *Lebron* did conclude that any expenses incurred post-conversion from the Chapter 11 case to a chapter other than Chapter 9 would not be reimbursable. *Lebron v. Mechem Financial Inc.*, 27 F.3d at 945. While the Application of Litigation Counsel does include one charge dated 4/15/05 (which would be post-conversion of the Debtors' case to Chapter 12), the Court finds that this expense was legally incurred prior to the state court trial as the itemized statement indicates it is reimbursement to an expert witness for that witness's fee and travel expenses, which could not have been incurred later than the date of the trial.